FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 23 2022

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHELSEY LUCAS**                                               **PLAINTIFF**

V.            CASE NO. 4:22-CV-_878 - KGB_

**UNIVERSITY OF ARKANSAS AT PINE BLUFF**            **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Chelsey Lucas, by and through her attorney Chris Burks of WH LAW, for her Original Complaint against University of Arkansas at Pine Bluff, she does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action against the Defendant for violation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000(e)2 ("Title VII") and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, et seq. ("ACRA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's discriminatory actions toward Plaintiff, resulting in her constructive termination.

2. Plaintiff received inequitable treatment and an adverse employment action as a result of her sex, which is female.

3. Upon information and belief, Defendant has willfully and intentionally committed violations of Title VII and ACRA, as described, *infra*.

This case assigned to District Judge _Baker_
and to Magistrate Judge _Ervin_

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the Title VII.

5. Plaintiff's claims under ACRA form part of the same case or controversy and arise out of the same facts as Title VII claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff's ACRA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Central Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to Title VII and ACRA violations alleged in this Complaint reside in this District.

## III. THE PARTIES

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Plaintiff is a resident and citizen of Jefferson County.

12. On February 2, 2019, Plaintiff Chelsey Lucas was hired by Defendant as the Head Girls' Volleyball Coach.

13. Plaintiff was constructively terminated from her employment with Defendant on January 27, 2022.

14. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under Title VII and ACRA.

15. Defendant University of Arkansas at Pine Bluff is a public land-grant research university located in Pine Bluff, Arkansas.

16. Defendant University of Arkansas at Pine Bluff can be served through its Chancellor, Dr. Laurence B. Alexander, at 1200 North University Dr., Pine Bluff, AR 71601.

17. Defendant University of Arkansas at Pine Bluff is an "employer" within the meanings set forth in Title VII and ACRA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

### IV. FACTUAL ALLEGATIONS

18. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

19. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as the Head Coach of the women's volleyball team.

20. During her tenure as coach, the Defendant's women's volleyball program rose from 375 (out of 380) to a top 100 program in just two years.

21. Plaintiff was a gifted and respected athletic professional who was committed to providing support to her players so they could succeed both as students and as athletes.

22. As a result of Plaintiff's skills, hard work, commitment, and engagement with her team, Defendant's women's volleyball program became competitive and well-regarded, increasing the profile of Defendant's institution.

23. During her employment, Plaintiff experienced numerous incidents of disparate treatment as compared to the male coaches employed by Defendant. These incidents impacted not only Plaintiff, but her team members and the overall integrity of the women's volleyball program.

24. Strength and conditioning coaches employed by Defendant repeatedly refused to train with members of Plaintiff's women's volleyball team.

25. Defendant frequently moved or reassigned the locations of practices for student athletes without providing appropriate notice to Plaintiff, leading to her team's practices being cancelled because she was not told that the locations were being moved.

26. Defendant failed to pay or delayed payment to referees and officials who conducted matches for the women's volleyball team, leading to difficulties finding referees and officials to work their games.

27. Defendant failed to order new equipment for Plaintiff's team and, additionally, ordered them the wrong equipment, despite Plaintiff's detailed and specific requests regarding the equipment her team required to be able to compete.

28. Defendant failed to pay or delayed payment to vendors that supplied Plaintiff's team with recording equipment and programs, leading to her team being threatened with penalties from their NCAA conference for failing to supply game footage as per conference requirements.

29. Defendant failed to appropriately process paperwork for international recruits to Plaintiff's team, leading to delays in international players being onboarded to the University so that they could play for the women's volleyball team.

30. Throughout her employment, Plaintiff expended a great deal of time in communicating with Defendant about these issues. The issues persisted, impacting not only the Plaintiff but her team members and her team's reputation in the larger collegiate athletic community.

31. The behavior and actions described herein qualify as adverse employment actions because they negatively impacted Plaintiff's working conditions. For example, her hours and ability to be pay more were reduced when Defendant moved her team's practice locations without notice to her, leading to practices being cancelled.

32. Plaintiff observed that other male coaches did not have these same issues with the Defendant failing to pay vendors, referees and officials; Defendant failing to order appropriate equipment or ordering the wrong equipment; Defendant moving practice locations without prior notice to the team's coach; Defendant failing to process paperwork for international recruits for sports teams; and Defendant's strength and conditioning coaches refusing to work with student-athletes.

33. As a result of the ongoing discrimination Plaintiff experienced as a result of her gender, which was female, Plaintiff was constructively terminated from her employment on January 27, 2022.

## V.   FIRST CLAIM FOR RELIEF – Title VII Claims

34.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

35.   Plaintiff filed a timely charge with the EEOC, received a right to sue letter, and thus exhausted her administrative remedies.

36.   Defendant engaged in unlawful employment practices at their facility in Pine Bluff, Arkansas, in violation of 42 U.S. Code §2000e-2.

37.   Specifically, and as detailed above, Plaintiff, who was female, was constructively terminated as a result of ongoing gender discrimination.

38.   Defendant employs male coaches who were not subject to the same treatment that Plaintiff experienced during her employment.

39.   As a result, Plaintiff was treated disparately from Defendant's male coaches.

40.   At all relevant times, Plaintiff could perform the essential function of the position for which she was hired.

41.   However, Plaintiff was constructively terminated from her position within the relevant statutory period.

42.   The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender.

43.   The unlawful employment practices complained of above were and are intentional.

44.   The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

45. Pursuant to Title VII of the 1964 Civil Rights Act, as amended, Plaintiff is entitled to, and she seeks, an additional amount as compensatory and punitive damages equal to the sum of her lost wages or salary, benefits and/or other compensation denied or lost to her by reason of Defendant's violations of Title VII, plus any interest she is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of Title VII.

## VI. SECOND CLAIM FOR RELIEF – ACRA Claims

46. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

47. Plaintiff has timely filed a charge with the EEOC, received a right to sue letter, and has thus exhausted her administrative remedies.

48. Defendant engaged in unlawful employment practices at their facility in Pine Bluff, Arkansas, in violation of Ark. Code Ann. §§ 16-123-101, *et seq*.

49. Specifically, and as detailed above, Plaintiff, who was female, was constructively terminated as a result of ongoing gender discrimination.

50. Defendant employs male coaches who were not subject to the same treatment that Plaintiff experienced during her employment.

51. As a result, Plaintiff was treated disparately from Defendant's male coaches.

52. At all relevant times, Plaintiff could perform the essential function of the position for which she was hired.

53. However, Plaintiff was constructively terminated from her position within the relevant statutory period.

54. The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender, which is female.

55. The unlawful employment practices complained of above were and are intentional.

56. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

57. Pursuant to Arkansas Civil Rights Act, as amended, Plaintiff is entitled to, and she seeks, an additional amount as compensatory and punitive damages equal to the sum of her lost wages or salary, benefits and/or other compensation denied or lost to her by reason of Defendant's violations of ACRA, plus any interest she is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of ACRA.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Chelsey Lucas respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A) A declaratory judgment that Defendant's practices violate Title VII of the Civil Rights Act of 1964, 42 U.S. Code § 2000(e)-2 and the related regulations;

(B) A declaratory judgment that Defendant's practices violate the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.* and the related regulations;

(C) Judgment for damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S. Code §2000(e)-2, *et seq.* for all compensation, compensatory, and punitive damages owed to Plaintiff;

(D) Judgment for damages pursuant to Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.*, for all compensation owed Plaintiff for back pay and associated interest and fees;

(E) An order directing Defendant to pay compensatory and punitive damages to Plaintiff along with pre-judgment interest, reasonable attorney's fees, and all costs connected to this action;

(F) Such other and further relief as this Court may deem necessary, just and proper.

        Respectfully submitted,

        **CHELSEY LUCAS, PLAINTIFF**

        WH Law | We Help
        1 Riverfront Pl. – Suite 745
        North Little Rock, AR 72114
        (501) 891-6000

By:    Chris Burks (ABN: 2010207)
        chris@wh.law